IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMIAN APODACA,

      Plaintiff,

vs.                                                                              No. CIV 20-0775 JB/LF

CURRY COUNTY ADULT DETENTION
CENTER; WESLEY WALLER, *Sheriff*, *Curry*
*County Sheriff Department*, and LANCE PYLE,
*County Manager*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under rule 41(b) of the Federal Rules of Civil Procedure on (i) the Plaintiff Damian Apodaca's 1983 Prisoner Civil Rights Complaint, filed July 30, 2020 (Doc. 1)("Complaint"); (ii) Apodaca's Complaint for Violation of Civil Rights, filed August 19, 2020 (Doc. 4)("Amended Complaint"); and (iii) Apodaca's Application to Proceed in the District Court Without Prepaying Fees or Costs, filed August 19, 2020 (Doc. 5)("Application to Proceed"). The Court will dismiss the Complaint and Amended Complaint without prejudice for failure to comply with Court orders and failure to prosecute.

## PROCEDURAL HISTORY

Apodaca is a prisoner held at Curry County Adult Detention Center. See Complaint at 1; Amended Complaint at 2. Apodaca filed his civil rights Complaint on July 30, 2020. See Complaint at 1. The Complaint was not in proper form, and Apodaca did not pay the filing fee or submit an application to proceed in forma pauperis under 28 U.S.C. § 1915 at the time he instituted this proceeding. See Complaint at 1-3; Order to Cure Deficiencies, filed July 31, 2020 (Doc. 3)("Order to Cure"). On July 31, 2020, the Honorable Laura Fashing, United States Magistrate

Judge for the United States District Court for the District of New Mexico, ordered Apodaca to put the Complaint in proper form, and to either (i) to pay the filing fee or (ii) to submit a § 1915 application to proceed, "including a certified copy of the plaintiff's inmate account statement for the 6-month period immediately preceding this filing." Order to Cure at 2. The Order to Cure also directed the Clerk of the Court to provide Apodaca with a form application to proceed and notified Apodaca that, if he failed to comply with the Order, the case could be dismissed without further notice. See Order to Cure at 2

Apodaca submitted an Application to Proceed on the form supplied by the Court. See Application to Proceed at 1. That form states expressly that a prisoner must attach "a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts." Application to Proceed at 2. Despite the language in the Order to Cure, and in the Application to Proceed, Apodaca did not submit a copy of his six-month inmate account statement with the Application. On January 29, 2021, Magistrate Judge Fashing entered a second Order to Cure Deficiencies, filed January 29, 2021 (Doc. 6)("Second Order to Cure"). The Second Order to Cure orders Apodaca to submit the required six-month inmate account statement within thirty days of entry of the Second Order to Cure. See Second Order to Cure at 1. The Second Order to Cure also notified Apodaca that, if he failed to comply with the Order, the case could be dismissed without further notice. See Second Order to Cure at 2.

## ANALYSIS

The Court will dismiss this case under rule 41(b), because Apodaca did not to comply with Court orders, and failed to prosecute this action by not submitting the six-month inmate account statement 28 U.S.C. § 1915(b) requires. Section 1915(b) provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal . . . .

28 U.S.C. § 1915(a)(2).  Apodaca has not submitted the required account statement, and he has not responded to the Second Order to Cure.

Magistrate Judge Fashing has entered two Orders directing Apodaca to submit the required account statement.  See Order to Cure at 1; Second Order to Cure at 1.  More than thirty days have elapsed since entry of the Second Order to Cure, and Apodaca has not submitted the six-month inmate account statement or responded, in any way, to the Second Order to Cure.

Pro se litigants must follow the federal statutes, rules of procedure, and simple, nonburdensome local rules.  See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980).  Apodaca has not complied with Court orders, and he has not prosecuted this action because he did not submit the six-month inmate account statement that 28 U.S.C. § 1915(b) requires.  The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  See Fed. R. Civ. P. 41(b); Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  The Court will, therefore, dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with Magistrate Judge Fashing's Orders, and for failure to prosecute this proceeding.

**IT IS ORDERED** that: (i) the Plaintiff Damian Apodaca's 1983 Prisoner Civil Rights Complaint, filed July 30, 2020 (Doc. 1), is dismissed without prejudice; (ii) Apodaca's Complaint for Violation of Civil Rights, filed August 19, 2020 (Doc. 4), is dismissed without prejudice; and (iii) Apodaca's Application to Proceed in the District Court Without Prepaying Fees or Costs, filed August 19, 2020 (Doc. 5), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Damian Apodaca
Curry County Adult Detention Center
Clovis, New Mexico

    *Plaintiff pro se*